UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONEY MARTINEZ, | No. 2:16-cv-0623 CKD P |
| Petitioner, | |
| v. | ORDER |
| ROBERT W. FOX, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee and has consented to have all matters in this action before a United State Magistrate Judge.  See 28 U.S.C. § 636(c).

Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief.  The court has conducted that review.

Petitioner is serving a sentence of 15 years-to-life imposed in 1992 for second degree murder.  He challenges 2014 parole hearing proceedings.

In "Claim One," petitioner challenges the denial of parole.  With respect to the denial of parole, petitioner does have a liberty interest in parole protected by the Due Process Clause of the Fourteenth Amendment.  Swarthout v. Cooke, 562 U.S. 216, (2011).  However, the procedural protections which must be afforded with respect to the liberty interest implicated are minimal; the

1

1  "Constitution does not require more" than "an opportunity to be heard" at a parole hearing and that
2  the potential parolee be "provided a statement of the reasons why parole was denied." Id. at 220.
3  Petitioner does not allege he was denied either of these protections.  Accordingly, he fails to
4  present any cognizable challenge under the Due Process Clause with respect to his 2014 parole
5  hearing.

6      Petitioner also seems to argue that his being denied parole amounts to cruel and unusual
7  punishment in violation of the Eighth Amendment.  However, a discretionary denial of parole
8  merely continues punishment already imposed for the underlying offense and does not by itself
9  implicate the Eighth Amendment. See Lustgarden v. Gunter, 966 F.2d 552, 555 (10th Cir. 1992).
10 Petitioner does not challenge the imposition of his sentence of 15 years-to-life, and he most likely
11 would be time barred from doing so anyway, see 28 U.S.C. § 2244(d).[1]

12     Finally, the court notes that under the heading "Claim One," petitioner asserts that at his
13 2014 hearing, the board told petitioner that he had not adequately addressed issues related to
14 substance abuse and ordered petitioner to attend Alcoholics Anonymous (AA) and Narcotics
15 Anonymous (NA).  Petitioner asserts this violates the First Amendment's prohibition against
16 government established religion.  Generally speaking, the only relief which can be afforded in a
17 habeas proceeding is immediate or speedier release.  See Skinner v. Switzer, 562 U.S. 521, 535 n.
18 13 (2011).  Since there is nothing before the court suggesting petitioner would be released on
19 parole if the court were to order that petitioner cannot be required to attend AA and NA,
20 petitioner's claim must be brought in an action for violation of civil rights under 42 U.S.C. § 1983
21 rather than in a habeas petition.  Petitioner is cautioned that if he wishes to pursue his
22 Establishment Clause claim in a § 1983 action, he must pay the $350 filing fee, although he will
23 be permitted to pay the fee in installments.
24 /////

---

[1] Even if petitioner challenged the imposition of his sentence under the Eighth Amendment, it is almost impossible that he would succeed as successful challenges to the proportionality of a particular sentence under the Eighth Amendment are "exceedingly rare," Solem v. Helm, 463 U.S. 277, 289-90 (1983) and no court has ever found that a sentence of 15 years-to-life imposed for second degree murder in California amounts to cruel and unusual punishment.

1     In "Claim Two," petitioner takes issue with the fact that at his 2014 parole hearing, the parole board held that petitioner would not have another parole hearing until 2019. Petitioner makes the familiar argument that by delaying petitioner's parole hearing, the board violated the Constitution's prohibition against ex post facto laws assuming the delay is attributable to the passage of the "Victims' Bill of Rights Act" or "Marsy's Law" in 2008. However, even under the law in effect at the time petitioner was sentenced and prior to the enactment of "Marsy's "Law," the parole board had the authority to order that a follow-up parole hearing not occur for five years. Cal. Penal Code § 3041.5(b)(2) (2008). Therefore, petitioner has no ex post facto claim regarding the application of "Marsy's Law."

For all of the foregoing reasons, it is clear that petitioner is not entitled to habeas relief. Therefore, petitioner's petition for writ of habeas corpus will be summarily dismissed.[2]

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's petition for writ of habeas corpus is summarily dismissed;

2. This case is closed; and

3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated: April 19, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/kly
mart0623.dis

---

[2] In his petition, petitioner identifies a third claim: "State Court's Decision Denying Writ Was Contrary To And Unreasonable Application Of Clearly Federal Law." This is not a claim, but an argument as to why the court is not precluded under 28 U.S.C. § 2254(a) from granting relief on his petitioner's other claims.